UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JONES,<br><br>    Petitioner,<br><br>v.<br><br>KELLY SANTORO, Warden,<br><br>    Respondent. | Case No. 2:19-cv-10868-ODW-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On December 17, 2019 (per proof of service), Shawn Jones ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1.) As discussed more fully below, the Court orders Petitioner to show cause why the Petition should not be dismissed as untimely.

**I.**

**BACKGROUND**

The following facts are taken from the Petition, from the Court's own records, or from public records; where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.");

1

United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

Petitioner was convicted in 2014 of armed robbery and related crimes. (Dkt. 1 at 2.[1]) The California Court of Appeal affirmed his conviction. People v. Jones, No. B258757, 2016 WL 816486, 2016 Cal. App. Unpub. LEXIS 1493 (Mar. 2, 2016). He next filed a petition for review by the California Supreme Court which was denied on May 11, 2016. See People v. Jones, No. S233664, 2016 Cal. LEXIS 3396 (May 11, 2016). He did not file a petition for certiorari in the U.S. Supreme Court. (Dkt. 1 at 5.)

Petitioner filed a state habeas petition with the Los Angeles County Superior Court on August 17, 2017. (Id. at 3.) He has no additional state habeas petitions pending. (Id. at 10.)

## II.
## DISCUSSION

**A.     Legal Standard.**

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001); see also Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004).

**1.     One-Year Statute of Limitations.**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

[1] The Court refers to the pagination imposed by the Court's electronic filing system.

2

AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final'

3

[for purposes of § 2244(d)(1)(a)] on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 137 (2012). In contrast, where a state defendant seeks direct review in a state's highest court, the judgment becomes final when time for seeking certiorari review in the U.S. Supreme Court expires. See Jimenez, 555 U.S. at 120. This is because the U.S. Supreme Court has jurisdiction over final decisions of the highest state court "in which a decision could be had" respecting a constitutional right or other federal law. 28 U.S.C. § 1257(a). To appeal to the U.S. Supreme Court, a petition for writ of certiorari must be filed within 90 days after entry of the state court judgment. U.S. Sup. Ct. R. 13.

### 2. Statutory Tolling.

AEDPA provides for statutory tolling, as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The U.S. Supreme Court has interpreted this language to mean that AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains pending during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000) (The statute is tolled from "the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."). Statutory tolling "does not permit the reinitiation of the limitations period that has ended before the state petition was filed[,]" even if

the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

### 3. Equitable Tolling.

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that AEDPA's one-year limitation period is also subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. See Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 558 U.S. 897 (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.) (second alteration in original), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey, 556 F.3d at 1011

(alteration in original) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).

The burden of demonstrating that AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda, 292 F.3d at 1065.

**B.  The Petition Appears to Be Untimely.**

Petitioner's 2014 conviction became final 90 days after the California Supreme Court denied review, i.e., on August 9, 2016.  Absent tolling, his AEDPA filing deadline expired one year later on August 9, 2017.  Petitioner did not file any state habeas petitions before August 9, 2017 that could potentially create statutory tolling.

IT IS THEREFORE ORDERED that, **on or before February 5, 2020**, Petitioner shall show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.  In his response to the order to show cause, Petitioner may wish to identify (1) any state filings that Petitioner contends create statutory tolling and (2) any "extraordinary circumstances" that Petitioner contends create equitable tolling.

DATED: January 06, 2020

                                        */s/ Karen E. Scott*
                                 KAREN E. SCOTT
                                 UNITED STATES MAGISTRATE JUDGE